IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| IN THE MATTER OF THE APPLICATION OF THE UNITED STATES OF AMERICA FOR AN ORDER AUTHORIZING THE TRACKING OF CELLULAR TELEPHONE (214) 284-5047, INCLUDING CELL SITE, TRIANGULATION, AND GPS | No. 17-SW-ROMIDPR<br><br>(UNDER SEAL) |

## ORDER

This matter having come before the Court pursuant to an application under 18 U.S.C. § 3117 and Federal Rule of Criminal Procedure 41, by Assistant United States Attorney James J. Kelleher, requesting an order authorizing the monitoring of mobile tracking device features, including any factory-installed Global Positioning System ("GPS") and any other signaling information used to ascertain the physical location of the telephone, for a period of 30 days, on telephone number (214) 284-5047, (hereinafter the "Target Telephone"), a cellular telephone issued by Sprint Corporation.

Upon review of the application, the Court finds that the Affidavit of Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) Special Agent Brian J. Fox sets forth probable cause to believe the requested information pertaining to the location of the Target Telephone is relevant and material to obtaining evidence of the crime and identifying property used in committing the crime, in an ongoing criminal investigation being conducted by the ATF into possible violations of 18 U.S.C. § 922(j), that is, possession of stolen firearms and 18 U.S.C. § 659, theft of goods from an interstate shipment.

IT IS ORDERED, pursuant to 18 U.S.C. § 3117 and Federal Rule of Criminal Procedure 41(b), that agents of the ATF may monitor or cause to be monitored the Target Telephone's physical location, through any means, including but not limited to: (1) signaling information, such

as cell site/sector location or information regarding strength, angle, and timing of the caller's signal measured at two or more cell sites (triangulation); and (2) location transmissions from a factory-installed Global Positioning System ("GPS") mobile tracking device already present in the phone.

IT IS FURTHER ORDERED that Sprint Corporation shall furnish to agents of the ATF all information and technical assistance necessary to ascertain the physical location of the Target Telephone, using any means, including but not limited to, cell site/sector location; information regarding strength, angle, and timing of the caller's signal measured at two or more cell sites (triangulation); and location transmissions from any factory-installed GPS mobile tracking device already present in the phone, and such assistance shall last for the 30-day period authorized by this order.

IT IS FURTHER ORDERED that Sprint Corporation, or any other cellular provider whose assistance may facilitate the execution of this order, shall initiate any signals necessary to determine the geographic location of the Target Telephone on the cellular provider's network or with such other reference points as may be reasonably available and at such intervals and times as directed by the ATF agent serving this order.

IT IS FURTHER ORDERED that the furnishing of information and assistance Sprint Corporation: (a) shall extend to any time of the day or night, as required by agents of the ATF; (b) include the monitoring of such physical location transmissions from inside private residence or garages and other locations not open to the public or visual surveillance; (c) include monitoring of such transmissions in the event the Target Telephone leaves the Western District of Missouri, but

remains within the United States; and (d) the enhanced-location information be provided to the ATF contemporaneously upon request, or on a real-time basis.

IT IS FURTHER ORDERED that Sprint Corporation shall provide any information, facilities, and technical assistance necessary to accomplish the location of the Target Telephone, and the location tracking occur unobtrusively and with a minimum of interference with the services accorded the persons with respect to whom the tracking is to take place, with reasonable compensation to be paid by the ATF for reasonable expenses incurred in providing such facilities and assistance;

IT IS FURTHER ORDERED that authority to monitor GPS transmissions or other geographic information is limited to transmissions needed to ascertain the physical location of the Target Telephone and the interception of the contents of any voice communications transmitted through the Sprint Corporation cellular network for the Target Telephone is not authorized.

IT IS FURTHER ORDERED that the Target Telephone remain active and in service, and if the Target Telephone has been targeted for deactivation due to non-payment or breach of contract, the ATF will incur the future billing costs at the point of deactivation and compensate the wireless carrier for such additional billing costs beginning from the date of deactivation and continuing through the time authorized by this order.

IT IS FURTHER ORDERED that this authorization for monitoring of mobile tracking device features permit the use of such tracking on any changed telephone number(s) subsequently assigned to an instrument bearing the same cellular device as the Target Telephone, or any changed cellular device subsequently assigned to the same telephone number as the Target Telephone, or any additional changed telephone number(s) and/or cellular device(s), whether the

changes occur consecutively or simultaneously, listed to the same subscriber and wireless telephone account number as the Target Telephone within the period authorized by this order.

IT IS FURTHER ORDERED that the service, required under Rule 41(f)(2)(C), be delayed for a period of 30 days from the date tracking ceases, as provided for in Rule 41(f)(3) and 18 U.S.C. § 3103a(b). The Court finds that executing service within the 10-day period required by Rule 41(f)(2)(C) would have an adverse result, as the Government has provided specific facts which show such notice would hamper an ongoing investigation into the illegal activities described above. Should the Government believe further extension of this time is necessary, the Government must seek a further extension, pursuant Rule 41(f)(3) and § 3103a(c).

IT IS FURTHER ORDERED that this order and the application be sealed until otherwise ordered by the Court, the identity of any target(s) of the underlying criminal investigation may be redacted from any copy of this order to be served on any service provider or other person, and the local, long distance, and wireless carriers and their representatives, agents, and employees shall not disclose in any manner, directly or indirectly, by any action or inaction, the existence of this order, the existence of GPS and geographic monitoring, or the existence of the above-described investigation, to the listed subscriber(s) for the Target Telephone, the occupant of said premises, or to any other person, in full or redacted form, unless or until otherwise ordered by the Court.

Dated: 11/14/17
In Springfield, Missouri

HONORABLE DAVID P. RUSH
United States Magistrate Judge
Western District of Missouri